**UNITED STATES Of America,**
**Plaintiff—Appellee,**

v.

**Jose Guillermo RAMIREZ–ARCE,**
**Defendant—Appellant.**

No. 05–50274.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Esq., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Jose Guillermo Ramirez–Arce appeals his jury trial conviction for importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ramirez–Arce contends that the prosecution committed misconduct by (1) vouching for the credibility of its witnesses, and (2) commenting on Ramirez–Arce's silence during trial. Neither claim has merit.

"Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Weatherspoon,* 410 F.3d 1142, 1146 (9th Cir.2005) (quoting *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993)). The record here shows that there was no vouching engaged in by the prosecution, merely permissible witness rehabilitation and restatements of the witness's own testimony. *See Necoechea,* 986 F.2d at 1278–79; *United States v. McChristian,* 47 F.3d 1499, 1507 (9th Cir.1995) ("[I]n fashioning closing arguments, prosecutors are allowed reasonably wide latitude and are free to argue reasonable inferences from the evidence.").

Ramirez–Arce is correct that the Fifth Amendment prohibits the government from commenting on a defendant's decision to remain silent and not testify at trial.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Based on our review of the record, however, we conclude that the challenged statement was neither "manifestly intended to call attention to the defendant's failure to testify, [nor] of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *See United States v. Bagley,* 772 F.2d 482, 494 (9th Cir.1985); *see also United States v. Wasserteil,* 641 F.2d 704, 709–10 (9th Cir.1981) ("A comment on the failure of the *defense* as opposed to the *defendant* to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege.").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.